UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILFREDO DE JESUS ARO LARA,

     *Petitioner*,

v.                                   Case No. 3:26-cv-1287-JEP-MCR

WARDEN RONNIE WOODALL, et al.,

     *Respondents*.

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, to provide him with a bond hearing pursuant to 28 U.S.C. § 1226(a). (*See* Doc. 1 at 22). Petitioner, a citizen of Venezuela, alleges that he entered the United States on September 26, 2022, and was granted parole. (*Id.* at 2, 6). On January 24, 2026, Petitioner was arrested and detained in the Brevard County Jail. (*Id.* at 2, 6). After spending over a month in jail, Petitioner was transferred to ICE custody on March 2, 2026. (*Id.* at 2, 6). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 12, 16). At the heart of

this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See id.* at 12–18).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026).[1] However, on

―――――――――――――――

[1] To the extent the Federal Respondents argue that Petitioner failed to exhaust his administrative remedies prior to filing this case, the Court rejects their argument. At the time Petitioner filed this case, any administrative request for a bond hearing would have been futile, because the Board of Immigration Appeals ("BIA") had conclusively determined that immigration judges had no authority to consider bond requests from aliens like Petitioner. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220-28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Petitioner to pursue further administrative remedies before the Petition was filed would have been futile. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); *see, e.g.*, *Fonseca v. Ripa*, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility.").

May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 5 at 2).[3]

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention

---

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See Hernandez Alvarez*, 175 F.4th at 1285 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).

3

without an individualized bond hearing violates the INA.[4] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 8) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 1, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

[4] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").